IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO BERNARD GONZALES,

                Plaintiff,                      OPINION AND ORDER

v.

                                                  24-cv-182-wmc

DOCTOR SUKOWATY,

                Defendant.

Plaintiff Antonio Gonzales, a prisoner who is representing himself, alleges that Dr. Sukowaty has not provided him with a "super pubic catheter."[1] (Dkt. #1 at 2.) Gonzales requests leave to proceed without prepayment of the filing fee after having already "struck out" under 28 U.S.C. § 1915(g) by filing three previous civil actions while imprisoned that were dismissed for failure to state a claim. *See Gonzales v. Auth*, 15-cv-464, dkt. #8 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Dep't of Health Services*, 15-cv-465, dkt. #10 (E.D. Wis.) (dismissed June 30, 2015); *Gonzales v. Zinn,* 15-cv-598, dkt. #8 (E.D. Wis.) (dismissed July 23, 2015). For the reasons explained below, plaintiff may not proceed without prepayment of the filing fee now, but the court will allow him until May 1, 2024, to either file an amended complaint alleging imminent danger of serious physical injury or pay the filing fee.

OPINION

Under § 1915(g), a prisoner is generally not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or

---

[1] It appears that plaintiff is referring to a "suprapubic catheter" which is a type of catheter that is surgically placed in the lower abdomen. *Suprapubic Catheter*, Cleveland Clinic, https://my.clevelandclinic.org/health/treatments/25028-suprapubic-catheter.

appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The *sole* exception to this "three-strikes rule" is if plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Here, Gonzales only alleges that Dr. Sukowaty failed to provide him with a certain kind of catheter and nurses asked Dr. Sukowaty to give him the catheter. Gonzales has *not* even alleged he needed such a catheter, much less that he needed it to avoid serious physical injury. Thus, the court concludes that Gonzales is currently barred from proceeding without prepaying the full $405 filing fee. Nevertheless, the court will allow Gonzales 30 days to either file an amended complaint explaining why he needs a certain type of catheter to avoid serious physical injury *or* to pay the full $405 filing fee. If Gonzales files an amended complaint by the deadline, the court will review it for imminent danger of serious physical injury. Alternatively, if he pays the filing fee by the deadline below, the court will screen his complaint under 28 U.S.C. § 1915A. If he does not amend his complaint or pay the fee by the deadline, the court will dismiss this case.

ORDER

IT IS ORDERED that plaintiff may have until May 1, 2024, to either amend his complaint or pay the $405 filing fee for this case. Otherwise, this case will be dismissed without prejudice.

Entered this 1st day of April, 2024.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge